**Richard L. PICKAR, et al., Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.**

No. C8-85-2100.

Court of Appeals of Minnesota.

April 8, 1986.

Harold R. Fritz, II, Nisswa, for appellants.

Kent R. Holmberg, Quinlivan, Sherwood, Spellacy & Tarvestad, P.A., St. Cloud, for respondent.

Considered and decided by POPOVICH, C.J., and LANSING and HUSPENI, JJ., with oral argument waived.

## OPINION

HUSPENI, Judge.

Appellants Richard and Laree Pickar brought this action against respondent State Farm Mutual Automobile Insurance

Company (State Farm) seeking to collect no-fault benefits and underinsured motorist coverage benefits under their insurance policy with State Farm. The trial court dismissed the Pickars' entire complaint on the grounds that their action was barred by the statute of limitations. We affirm in part and remand for proceedings consistent with this opinion.

## FACTS

On January 12, 1977, Richard Pickar was injured in an automobile accident when his vehicle collided with a vehicle driven by Robert Beavers. Both Pickar and Beavers carried auto insurance policies with State Farm. On November 9, 1984, Pickar settled his claim against Beavers for the $50,000 limit of Beavers' insurance policy. On December 13, 1984, Pickar demanded that State Farm arbitrate his claim for underinsured motorist coverage and no-fault benefits in accordance with his policy. State Farm denied Pickar's request to arbitrate. On or about December 18, 1984, Richard and Laree Pickar commenced this declaratory judgment action against State Farm. The Pickars claim that (1) their insurance policy should be reformed to provide underinsured motorist coverage because State Farm failed to make the statutorily-required offer of underinsured motorist coverage, and (2) the policy entitles the Pickars to no-fault benefits.

State Farm made a motion to dismiss the Pickars' complaint on the ground that their action is barred by the statute of limitations. At the hearing on the motion, State Farm limited its motion to dismiss to the Pickars' claim for implied-in-law underinsured motorist coverage.

The trial court granted State Farm's motion to dismiss and ordered "that defendant's motion to dismiss for judgment on the pleadings pursuant to [Minn.R.Civ.P.] 12 is in all things granted." The court's accompanying memorandum states that "defendant's motion to dismiss the *complaint* is in all things granted." (Emphasis added). Subsequently, judgment was entered according to the trial court's order and the Pickars appeal.

## ISSUE

Did the trial court err in dismissing the Pickars' claims for implied-in-law underinsured motorist coverage and no-fault benefits?

## ANALYSIS

■ The Pickars claim that the trial court erred in dismissing their claim for implied-in-law underinsured motorist coverage on the basis of the statute of limitations. It is undisputed that the six-year statute of limitations set forth in Minn. Stat. § 541.05 (1976) applies to this case.

The issue here is controlled by *O'Neill v. Illinois Farmers Insurance Co.*, 381 N.W.2d 439 (Minn.1986). In *O'Neill*, the supreme court held that the statute of limitations on a cause of action to imply underinsured motorist coverage in an insurance policy and to recover benefits under the implied-in-law coverage begins to run on the date of the automobile accident that causes a claimant's injury.

In this case, the accident occurred on January 12, 1977. The Pickars commenced their action to imply underinsured motorist coverage on or about December 18, 1984, more than six years after the accident occurred. Thus, the trial court did not err in dismissing the Pickars' claim for underinsured motorist coverage on the grounds that their claim was barred by the statute of limitations.

■ By dismissing the complaint, the trial court's order and judgment extend to the no-fault benefits claim. Neither the parties nor the court, however, have yet addressed the merits of the Pickars' claim for no-fault benefits. State Farm specifically limited its motion to dismiss to the underinsured motorist coverage claim. No argument was made regarding the no-fault benefits claim. The trial court's memorandum accompanying its order only addresses the underinsured motorist coverage claim and does not mention no-fault benefits. Based

on this record, it appears that the trial court may have inadvertently dismissed the no-fault benefits claim. The Pickars are entitled to an opportunity to pursue that claim. Hence, we remand for a reinstatement of their claim for no-fault benefits.

## DECISION

The trial court properly dismissed the Pickars' claim for underinsured motorist coverage, but erroneously dismissed their claim for no-fault benefits. We remand for a reinstatement of the latter claim.

Affirmed in part and remanded for proceedings consistent with this opinion.