Florence Rattet **SPIRA**,
petitioner, Respondent,

v.

**AMERICAN STANDARD INSURANCE COMPANY, Appellant.**

No. C2–84–1367.

Court of Appeals of Minnesota.

Jan. 29, 1985.

Review Denied March 29, 1985.

Diane C. Hanson, Schwebel, Goetz, Sieben & Hanson, P.A., Minneapolis, for respondent.

Linc S. Deter, Albers & Associates, Bloomington, for appellant.

Heard, considered, and decided by NIERENGARTEN, P.J., FOLEY and CRIPPEN, JJ.

## OPINION

NIERENGARTEN, Judge.

American Standard Insurance Company appeals from an order of the trial court vacating an arbitration award barring Florence Spira's recovery under the statute of limitations, and ordering judgment in favor of Spira against American for $24,000. We affirm.

## FACTS

On August 23, 1975, Florence Spira was injured as a passenger in a two-car accident in Tennessee. Spira had uninsured coverage with American. An arbitration panel later determined the other Tennessee car, which had limits of $10,000, was totally at fault. It was uninsured for purposes of Spira's claim because its limits were less than that required by the State of Minnesota. Minn.Stat. § 65B.49, subd. 3 (1982).

In March 1976, Spira's first attorney wrote American that it represented Spira "in her claim for injuries sustained in an automobile accident" on August 23, 1975, and requested "an application for benefits form". This was the first notice American received of the accident. In April 1976, American advised Spira's attorney that the claim for "no-fault benefits" was denied due to untimely notice. Spira then commenced suit in Minnesota against the Tennessee auto insurer, State Farm, which was later dismissed for lack of jurisdiction. By that time, the suit was barred in Tennessee because of its one-year limitation statute.

On November 4, 1982, Spira's substituted attorney wrote to American, claiming uninsured motorist benefits. American denied the claim on December 9, 1982, on the grounds the Minnesota statute of limitations had run on such claim on August 23, 1981, six years after the accident. The matter was then submitted to arbitration. At the hearing, the parties agreed to initially submit all issues to the arbitrators, subject to the right of judicial review of the arbitrability of the issues presented in this appeal.

The panel found Spira's claim had begun to run on the date of the accident, that the November 4, 1982 notice given American by Spira was not timely, and that her claim was consequently barred by the contract statute of limitations.

The panel did determine that Spira suffered damages in the amount of $24,000, and if it was ultimately determined that she was entitled to receive an award, the award should be reduced by $10,000, the amount of the tortfeasor's liability coverage. The panel made this finding because it determined that American could not subrogate against the tortfeasor because of the limitations bar but that Spira might have a remedy against her former attorney.

The trial court vacated the award, and entered judgment in her favor against American in the amount of $24,000, allowing no set-off. American appeals.

## ISSUES

1. When did the contract statute of limitations begin to run on Spira's uninsured motorist arbitration claim?

2. Whether American is entitled to a set-off in the amount of the policy limits of the tortfeasor's insurance policy.

## ANALYSIS

### I

 The arbitrability of the coverage dispute may be challenged in judicial proceedings to vacate the arbitrator's award. *United States Fidelity & Guaranty Co. v. Fruchtman*, 263 N.W.2d 66, 71 (Minn. 1978). Where it is "reasonably debatable" as to whether questions of coverage were arbitrable, the district court reviews the arbitrators' findings de novo. *Rosenberger v. American Family Mutual Insurance Co.*, 309 N.W.2d 305, 308 (Minn.1981). Because it is "reasonably debatable" as to whether the statute of limitations issue was arbitrable, the district court properly conducted a de novo review.

The major issue is whether Spira's uninsured motorist claim is barred by a statute of limitations. The applicable statute is the contract statute of limitations. *See Sahloff v. Western Casualty & Surety Co.*, 45 Wis.2d 60, 63, 171 N.W.2d 914, 915 (Wis. 1969); *Detroit Automobile Inter-Insurance Exchange v. Hafendorfer*, 38 Mich. App. 709, 197 N.W.2d 155 (1972). In Minnesota, that limitation is six years. Minn. Stat. § 541.05, subd. 1(1) (1982).

American argues the statute of limitations begins to run from the time an action can be commenced, citing *Leisure Dynamics, Inc. v. Falstaff Brewing Corp.*, 298 N.W.2d 33, 37 (Minn.1980). It therefore

contends the statute of limitations on Spira's claim began to run on August 23, 1975, the time of the accident.

■ We disagree. An "action", as defined in the 6-year statute of limitations, is confined to judicial proceedings. *Har-Mar, Inc. v. Thorsen & Thorshov, Inc.*, 300 Minn. 149, 152–55, 218 N.W.2d 751, 754–55 (1974). In arbitration proceedings, the 6-year limitations statute does not begin to run until there has been both a demand and a refusal to arbitrate. *Id.* at 155, 218 N.W.2d at 755–56.

■ American was, in fact, notified of the accident within a year of its occurrence, although Spira did not specifically request an uninsured motorist claim form. It then had an affirmative responsibility to inquire into the particular benefit that Spira was claiming. American treated Spira's request for "an application for benefits form" as a "no-fault benefits" claim, which was by then barred by the contract provisions, and not as an uninsured motorist benefit claim, which was not barred. Consequently, the contract statute did not begin to run until Spira's identifiable claim for uninsured benefits was rejected.

■ Absent an express limitation in her insurance policy restricting the time in which Spira could bring an uninsured motorist claim, her cause of action arose on December 9, 1982, the date when American rejected Spira's claim for uninsured motorist benefits. Spira's request for arbitration and subsequent court action were commenced well within the six year statute of limitations.

## II

American further contends it was denied the right to pursue its subrogation interests against the Tennessee tortfeasor because of Spira's failure to give timely notice of her claim.

The Minnesota No-Fault Act relating to uninsured motorist coverage does not specifically provide for subrogation when benefits are paid. *See* Minn.Stat. § 65B.49, subd. 4 (1982); *Flanery v. Total Tree, Inc.*, 332 N.W.2d 642, 643 (Minn.1983). However, "[a]bsent subrogation, an insured

who is fully compensated might achieve double recovery." *Id.* at 644. The court, therefore, held that "a reparation obligor has a right to subrogation upon payment of uninsured motorist benefits to the extent that the insured will achieve a duplicate recovery." *Id.* at 645.

■ There is no evidence of double recovery by Spira. American is not entitled to a set-off.

## DECISION

The trial court properly concluded the contract statute of limitations did not bar arbitration pursuant to the uninsured motorist claim of Spira. American is not entitled to a set-off in the amount of the uninsured tortfeasor's liability limits.

Affirmed.