**Robert J. KARELS, Respondent,**

v.

**AMERICAN FAMILY MUTUAL INSURANCE CO., Appellant.**

**No. CO–85–115.**

Court of Appeals of Minnesota.

July 23, 1985.

Review Granted Oct. 18, 1985.

James T. Martin, Edina, for respondent.

Linc S. Deter, Bloomington, for appellant.

Heard, considered and decided by NIERENGARTEN, P.J., and WOZNIAK and RANDALL, JJ.

## OPINION

RANDALL, Judge.

In November, 1983, respondent Robert Karels sued American Family Mutual Insurance Co. (appellant) for payment of underinsured motorist coverage and supplemental medical expense coverage. The claim was based upon an alleged failure to make mandatory offers of supplemental coverages as required by Minn.Stat. § 65B.49, subd. 6(e)(1976).

Respondent Karels brought a motion for an order striking appellant's statute of limitations defense and granting partial summary judgment on that issue. Appellant made a cross motion for summary judgment. The trial court ruled in favor of respondent, striking appellant's statute of limitations defense for underinsured motorist coverage. The insurance company appeals. We reverse and remand for trial on the merits of appellant's legal defense.

## FACTS

On June 14, 1976, Robert Karels was seriously injured in an automobile accident and as a result is now a quadruplegic. At the time of the accident, Karels was 17 years old, resided with his parents, and owned a car insured by appellant American Family Mutual Insurance Co. His father, Ronald Karels, owned two cars which were both insured by appellant. None of these three insurance policies included underinsured motorist coverage.

Around June 25, 1976, respondent reported the accident to appellant. Appellant made medical expense and wage loss payments totalling $30,000 under the no-fault provisions of respondent's policy. Respondent also sued the driver of the car in which he was injured and settled for the driver's full $25,000 liability limits.

In November, 1983, over six years after both the accident and his 18th birthday (April 16, 1977), Karels made a claim to appellant for underinsured motorist coverage. Appellant refused to make any payment. Respondent sued, alleging that because appellant failed to make an adequate offer of underinsured motorist coverage as required by Minn.Stat. § 65B.49, subd. 6(e), coverage should be implied in both his and his father's policies. *See Holman v. All Nations Insurance Co.*, 288 N.W.2d 244 (Minn.1980).

Appellant asserted, among other defenses, that stacking of underinsured motorist coverage was prohibited, and that this claim was barred by the applicable statute of limitations. The trial court granted respondent's motion to strike these two defenses and granted respondent partial summary judgment on the statute of limitations issue.

Thereafter, the parties stipulated to entry of judgment against the insurance company for $145,000, preserving the statute of limitations ruling for appeal. Judgment was entered on that stipulation on January 7, 1985.

The insurance company appeals the trial court's striking of the statute of limitations defense.

## ISSUE

Did the trial court err in granting summary judgment in favor of respondent on the question of the statute of limitations defense?

## ANALYSIS

The Minnesota statute of limitations provides that actions based upon contracts must be commenced within six years. Minn.Stat. § 541.05 (1984) The general purpose of this statute is to "prescribe a period within which a right may be enforced, afterwards withholding a remedy for reasons of private justice and public policy ...." *Bachertz v. Hayes-Lucas Lumber Co.*, 201 Minn. 171, 176, 275 N.W. 694, 697 (1937).

The statute discourages fraud and endless litigation and prevents a party from delaying an action until papers are lost, facts forgotten, or witnesses dead. A statute of limitation is based on the proposition that it is inequitable for a plaintiff to assert a claim after a reasonable lapse of time, during which the defendant believes no claim exists. *Id.*

The statute of limitations begins to run against a cause of action from the time the cause of action accrues or can be commenced. *Leisure Dynamics, Inc. v. Falstaff Brewing Corp.,* 298 N.W.2d 33, 37 (Minn.1980); *Butler v. Minneapolis Police Relief Assoc.,* 283 Minn. 70, 166 N.W.2d 705, 707 (1969). Moreover, the Minnesota Supreme Court has held that ignorance of a cause of action not involving continuing negligence, trespass or fraud, does not toll the accrual of a cause of action. *Dalton v. Dow Chemical Co.,* 280 Minn. 147, 153, 158 N.W.2d 580, 584 (1968).

In 1980, the Minnesota Supreme Court threshold insurance case on implied coverage, *Holman v. All Nations Insurance Co.,* 288 N.W.2d 244 (Minn.1980), held that where an insurer fails to offer optional coverages, those coverages will be implied into insured's policy. *Id.* at 250.

After *Holman,* Karels believed he had a claim for underinsurance, since American Family Mutual did not extend offers of optional coverage either to him or his father. However, he did not bring the underinsurance claim until 1983. When he did, the company refused, stating he was not covered and that he brought his claim too late.

The issue is whether a cause of action for implied optional medical benefits and underinsurance accrues at the time of the accident, or when insured's demand for coverage is refused.

Other states have held that a cause of action for underinsurance or uninsurance accrues on the date of the accident, since that right of action stems from the plaintiff's right of action against the tortfeasor. Therefore, the statute of limitations begins to run on the date of the accident rather than on the date of compliance with the conditions precedent contained in the insuring agreement. *State Farm Mutual Automobile Insurance Co. v. Kilbreath,* 419 So.2d 632, 633 (Fla.1982) *See Wheeless v. St. Paul Fire and Marine Insurance Co.,* 11 N.C.App. 348, 181 S.E.2d 144 (1971).

However, respondent argues this court's decision, *Spira v. American Standard Insurance Co.,* 361 N.W.2d 454 (Minn.Ct. App.1985), directly controls. There, this court held that in contractual arbitration proceedings, the six year limitations statute does not begin to run until there has been both a demand and a refusal to arbitrate. The *Spira* court concluded that, absent an express limitation in Spira's insurance policy, her arbitrable cause of action arose when the insurance company rejected her claim for uninsured motorist benefits. The court stated:

> An "action", as defined in the 6-year statute of limitations, is confined to judicial proceedings. *Har-Mar, Inc. v. Thorsen & Thorshov, Inc.,* 300 Minn. 149, 152–55, 218 N.W.2d 751, 754–55 (1974). In arbitration proceedings, the 6-year limitations statute does not begin to run until there has been both a demand and a refusal to arbitrate. *Id.* at 155, 218 N.W.2d at 755–56.

*Id.* at 456.

*Spira* is distinguishable from this case. Spira actually purchased uninsured coverage, and an endorsement therein gave her the contractual right to pursue arbitration as a remedy.

Since there is no underinsurance arbitration clause in respondent's insurance contracts, respondent's cause of action, if any, is premised on a *judicial* proceeding to imply coverage, thus *Spira* is not applicable and the standard six year statute of limitations applies.

Therefore, the trial court erred in granting summary judgment in favor of respondent on the statute of limitations issue. Appellant should be allowed to plead and prove, if they can, the defense of the statute of limitations. The parties having

agreed on the amount of damages, we remand for trial on the merits of appellant's legal defense.

## DECISION

We reverse and remand for trial on the issue of the statute of limitations defense.