Ione **SARGENT, et al., Appellants,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,**
Respondent.

No. C3-91-2322.

Court of Appeals of Minnesota.

June 2, 1992.

Review Denied Aug. 4, 1992.

Mary C. Cade, James R. Schwebel, Schwebel, Goetz, Sieben & Moskal, P.A., Minneapolis, for appellants.

William M. Hart, Richard L. Pemberton, Jr., David B. Orfield, Kerry M. Evensen, Meagher & Geer, Minneapolis, for respondent.

Considered and decided by DAVIES, P.J., and KLAPHAKE and STONE, Judge,* JJ.

## OPINION

KLAPHAKE, Judge.

Ione and Robert Sargent appeal from summary judgment in their action to recover underinsured motorist benefits from their insurer, State Farm Mutual Automobile Insurance Company. In granting summary judgment, the court found that the claim was barred by the six-year contract statute of limitations. The Sargents argue the claim accrued, not with the accident, but when State Farm denied their demand for payment of underinsured benefits. We reverse and remand for trial.

## FACTS

On September 30, 1983, Jerry Duerkop's vehicle struck the vehicle in which appellant Ione Sargent was a passenger. Respondent State Farm Mutual Automobile Insurance Company (State Farm) insured both parties. Sargent's doctor initially diagnosed her injury as whiplash, but subsequently found, more than a year after the accident, that she had suffered a substantial residual brain injury because the accident aggravated a pre-existing brain injury.

Soon after the accident, Sargent and her husband initiated a tort claim against Duerkop which they eventually settled for the $50,000 limit of Duerkop's State Farm policy. The exact settlement date is not included in the record, although the parties agree that it occurred during the fall of 1989, approximately six years after the accident.

On January 26, 1990, six years and four months after the accident, the Sargents brought a claim against State Farm for underinsured motorist benefits. The trial court granted State Farm's motion for summary judgment, finding that the Sargents' cause of action accrued at the time of the accident and was thus barred by the six-year statute of limitations for contract actions. The Sargents appeal.

## ISSUE

■ When did the Sargents' cause of action against State Farm for underinsured motorist benefits accrue for the purpose of applying the statute of limitations?

## ANALYSIS

On appeal from summary judgment, this court reviews the record to determine whether issues of material fact exist and whether the trial court erred in its application of the law. *Niccum v. Hydra Tool*

---

* Retired judge of the district court, acting as judge of the Court of Appeals by appointment

pursuant to Minn. Const. art. VI, § 2.

*Corp.*, 438 N.W.2d 96, 98 (Minn.1989). As this case concerns only a legal question, review is de novo. *A.J. Chromy Co. v. Commercial Mechanical Serv., Inc.*, 260 N.W.2d 579, 582 (Minn.1977).

■ The statute of limitations is six years for actions on "contracts or other obligation, express or implied." Minn.Stat. § 541.05, subd. 1(1) (1990). The contract statute of limitations governs actions by insureds against their insurers for underinsured motorist benefits. *O'Neill v. Illinois Farmers Ins. Co.*, 381 N.W.2d 439, 440 (Minn.1986). The statute begins to operate when the cause of action "accrues" (can be brought). *Id.*

The only issue to be determined in this appeal is when the Sargents' cause of action for underinsured motorist benefits accrued. The Sargents argue that the action should accrue at the time the insurer denies coverage. If the denial of coverage date were the accrual date, however, no cause of action would exist until after an insured makes a demand for payment of underinsured motorist benefits, because no breach of contract would occur until then. *Id.* We decline to adopt this rule because an insured could unreasonably delay or indefinitely postpone operation of the statute of limitations by failing to make a demand for payment. *Id.*

State Farm contends that the cause of action should accrue at the time of the accident, citing *O'Neill*, 381 N.W.2d at 441; *Pickar v. State Farm Mut. Auto. Ins. Co.*, 384 N.W.2d 581 (Minn.App.1986); and *Karels v. American Fam. Mut. Ins. Co.*, 371 N.W.2d 617 (Minn.App.1985), *aff'd*, 381 N.W.2d 441 (Minn.1986). In these cases, which involve claims for implied-in-law underinsured motorist coverage, Minnesota appellate courts have held that the statute of limitations accrued at the time of the accident. *O'Neill*, 381 N.W.2d at 441; *Pickar*, 384 N.W.2d at 582; *Karels*, 371 N.W.2d at 619. We view these cases as inapplicable here because the underinsured motorist coverage at issue is based upon a written contract and is not implied in law. *See O'Neill*, 381 N.W.2d at 441 n. 3 (distinguishing between accrual dates based on

whether uninsured motorist coverage is express or implied-in-law); *Karels*, 371 N.W.2d at 619 (same). Where the coverage is implied in law, a cause of action can accrue only at the time of the accident because the action necessarily includes "amending the insurance contract to imply the covenant." *O'Neill*, 381 N.W.2d at 440.

Here, in contrast, the Sargents contracted with State Farm for underinsured motorist coverage. The parties' contract established the accrual date for a cause of action for underinsured motorist benefits, stating:

> There is no coverage until the limits of liability of all bodily injury liability bonds and policies that apply have been used up by payments of judgments or settlements.

Additionally, the policy states that State Farm will only pay bodily injury damages for an underinsured vehicle where the insured "has not been compensated" for the damages. We thus adopt the accrual date agreed upon by the parties in their insurance contract, which in this case is the date on which Duerkop paid Sargents the $50,000 settlement. We note that the Sargents' claim for underinsured coverage for the unsatisfied portion of the tort claim was also established on the settlement date.

By adopting the contractual accrual date, we will serve the dual purposes of discouraging unreasonable delay and endless litigation and determining and enforcing the agreement of the parties. *See Karels*, 371 N.W.2d at 619; *Western World Ins. Co., Inc. v. Hall*, 353 N.W.2d 221, 223 (Minn. App.1984). In addition, using the contractual accrual date enables Sargent to determine whether her injuries met the threshold amount before proceeding with an underinsured claim. Had Sargent initiated a claim for underinsured motorist benefits prior to discovering the severity of her brain injuries, her claim could have been subject to dismissal and she could have been sanctioned for bringing a suit not grounded in fact under either Minn. R.Civ.P. 11 or Minn.Stat. § 549.21, subd. 2

(1990). *See also Wittmer v. Ruegemer*, 419 N.W.2d 493, 495–96 (Minn.1988) (cause of action generally accrues when it can be brought without being subject to dismissal for failure to state a claim); *Spira v. Standard Ins. Co.*, 361 N.W.2d 454, 457 (Minn. App.1985) (cause of action accrues when insured has an identifiable claim against the insurer).

State Farm argues the policy provision requiring the Sargents to exhaust all liability limits of Duerkop's policy before claiming underinsured motorist benefits from State Farm is void, even for the limited purpose of determining when a cause of action for underinsured motorist benefits accrues. *See Schmidt v. Clothier*, 338 N.W.2d 256, 261 (Minn.1983) (insurer exhaustion clauses held void as against the public policy of the No–Fault Automobile Insurance Act, Minn.Stat. §§ 65B.41–.71 (1982)). While an exhaustion clause may not be enforced to prevent an underinsured claim, we conclude the clause in this case is enforceable for the limited purpose of commencing the running of the statute of limitations. Use of the contractual provision is consistent with the purposes of the No–Fault Automobile Insurance Act to ease the burden of litigation and to encourage prompt payment of claims. *Id.* at 260.

State Farm further argues that the policy, upon which the underinsured claim is based, is not a part of the record before this court. However, the policy was attached as an exhibit to an affidavit by Sargent's attorney, filed with the trial court on September 12, 1991. As such, it is properly part of the record which we may consider on appeal. *See* Minn.R.Civ.App.P. 110.01 (appellate record consists of exhibits and "papers filed in the trial court").

## DECISION

The trial court erred in granting summary judgment based on its conclusion that the cause of action for underinsured motorist benefits accrued on the date of the accident rather than on the contractually mandated settlement date. We reverse and remand for trial.

Reversed.