Richard NELSON, Appellant,

v.

STATE FARM INSURANCE COMPANY,
Respondent.

No. C6–96–2608.

Court of Appeals of Minnesota.

Sept. 2, 1997.

Kevin O'C. Green, Law Offices of Kevin O'C. Green, P.A., Mankato, for Appellant.

Steven L. Viltoft, LaBore & Giuliani, Ltd., Hopkins, for Respondent.

Considered and decided by HUSPENI, P.J., and AMUNDSON and FOLEY,*JJ.

## OPINION

HUSPENI, Judge.

Appellant insured brought an underinsured motorist claim almost eight years after the accident giving rise to his injury. The district court granted respondent insurer's motion for summary judgment on the ground that the cause of action was barred by the statute of limitations. We affirm.

## FACTS

Appellant Richard Nelson was injured in June 1988 and settled his claim with the tortfeasor in July 1990. In June 1996, he brought this action against respondent State Farm Insurance Company, his insurance carrier, for underinsured motorist (UIM) benefits. State Farm was granted summary judgment on the ground that the statute of limitations barred the cause of action.

## ISSUE

Does the statute of limitations bar appellant's UIM cause of action?

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. VI, § 10.

## ANALYSIS

"Insurance coverage issues are questions of law for the court." *State Farm Ins. Cos. v. Seefeld*, 481 N.W.2d 62, 64 (Minn.1992).

 Appellant argues that the date of the settlement, July 1990, not the date of the accident, June 1988, sets running the six-year statutory period for bringing an UIM cause of action.[1] We disagree. This issue was presented to the supreme court as an important and doubtful certified question in *O'Neill v. Illinois Farmers Ins. Co.*, 381 N.W.2d 439 (Minn.1986). The court held that:

> [I]n an action to imply underinsured motorist benefits in an insurance policy and to recover those benefits under the policy as amended, the statute of limitations begins to run from the date of the auto accident causing the injury.

*Id.* at 441.

Appellant argues that *O'Neill* does not apply in this case because in *O'Neill* UIM coverage was implied as a matter of law, whereas here language in the contract of insurance must be interpreted to reach a conclusion contrary to that in *O'Neill*.[2] Appellant's attempt to distinguish *O'Neill* must fail.

*Beaudry v. State Farm Mut. Auto. Ins. Co.*, 518 N.W.2d 11 (Minn.1994), involved UIM coverage specifically provided by contract with the insurer. The *Beaudry* court, in concluding that because an UIM action was based on tort, not contract, it abated with the death of the injured person, reaffirmed *O'Neill*:

> [I]n *O'Neill* * * * in deciding when the statute of limitations begins to run, we held it was "when the accident giving rise to the injury happens."

*Id.* at 13. Thus, in determining when the statute of limitations begins to run, we can discern no reason for distinguishing cases in which UIM coverage is implied from those in which such coverage is provided by contract.

*Hermeling v. Minnesota Fire & Cas. Co.*, 548 N.W.2d 270 (Minn.1996), reinforces our conclusion that the date of injury commences the running of the statute of limitations. The *Hermeling* court ruled that because the statute of limitations on the subrogee insured's UIM cause of action "began to run on the date of the accident causing his injury," the statute of limitations on the subrogor insurer's cause of action "began to run on the same date." *Id.* at 275.

Analogous to appellant's argument that "there has to be payment by one legally liable to the insured" before the statute of limitations begins to run on a cause of action for UIM coverage, the insurer in *Hermeling* argued that the statute of limitations on an action in subrogation does not start to run until the insurer makes payment of benefits or substitutes its check for that of the tortfeasor. The *Hermeling* court, in observing that the subrogee stands in the shoes of the subrogor and can gain only those rights against the tortfeasor that the subrogor had, again affirmed that the six-year statute of limitations begins to run on the date of the accident.

> We conclude that [appellant's] cause of action in subrogation accrued at the time of the accident causing the injury, but was not ripe for adjudication until payment was made by substitution of its check for the settlement check of [the tortfeasor's insurer]. An action in subrogation is subject to the same statute of limitations as though the action were sued upon by the insured.

*Id.*

Appellant relies heavily on *Sargent v. State Farm Mutual Auto. Ins. Co.*, 486 N.W.2d 14,

1. It is undisputed that the statute of limitations is six years, pursuant to Minn.Stat. §§ 541.05, subd. 1(1) (1996) (providing six years for contract cases), and 541.05, subd. 1(5) (1996) (providing six years for tort cases).

2. Appellant's policy reads:
 If the damages are caused by an ***underinsured motor vehicle***, the most we pay will be the lesser of:
 a. the difference between the limits of liability of this coverage and the amount paid to the ***insured*** by or for any ***person*** or organization who is or may be held legally liable for the ***bodily injury***; or
 b. the difference between the amount of the ***insured's*** damages for ***bodily injury***, and the amount paid to the ***insured*** by or for any person or organization who is or may be held legally liable for the ***bodily injury***.

16 (Minn.App.1992) (holding that when a policy provides that there will be no coverage until the limits of liability of applicable policies have been exhausted by payments of judgments or settlements, a cause of action for UIM coverage accrues on the "contractual accrual date," i.e., the date on which the claimant received a settlement payment), *review denied* (Minn. Aug. 4, 1992). We find *Sargent* distinguishable, however. The policy in this case does not provide that there will be no coverage until other policy limits are exhausted. Absent a "no coverage until" clause like that in *Sargent*, there is no "contractual accrual date" for this court to adopt.

█ Finally, we conclude that appellant's argument that he had no right to bring an action until he had received the settlement payment confuses the concept of when a cause of action arises with the concept of when suit may be brought. Payment made to appellant pursuant to a settlement agreement with the tortfeasor was not a part of appellant's cause of action under the policy; it was only a step in ascertaining the amount to which appellant was entitled.

> [S]teps taken by a claimant in ascertaining what underinsured motorist benefits [he] might be entitled to, do not preclude the statute of limitations from beginning to run. At the time of the accident the injured person surveys [his] legal remedies and decides how best in the next 6 years to proceed, but the fact that the damages are unknown or unpredictable does not stop the 6 years from running.

*O'Neill*, 381 N.W.2d at 441.

█ Appellant's argument presupposes that the statute of limitations began to run when he was able to sue, not when his cause of action accrued. The fallacy of this presupposition was recognized recently in *Hermeling* and was also addressed over 80 years ago in an analysis that remains as sound today as when written:

> The time within which an action must be commenced begins to run when the cause of action accrues. It does not necessarily follow that the right to sue on the cause of action arises immediately when the cause of action accrues. It may be necessary to obtain leave of court, to make a demand, or

to give a notice before suit can be brought on the cause of action; but where such a condition precedent is not a part of the right or cause of action, but merely a part of or one step in the remedy, it does not delay the running of the statute. * * * [T]he test is whether the performance of the condition is a part of the cause of action, or merely a part of or step in the remedy.

*Swing v. Barnard–Cope Mfg. Co.*, 115 Minn. 47, 50, 131 N.W. 855, 856 (1911). Appellant's receipt of the settlement payment from the tortfeasor in this case was merely a step in appellant's remedy. His right to bring an action was not contingent upon it.

### DECISION

The statute of limitations on an UIM cause of action begins to run on the day of the accident.

**Affirmed.**