Bonita CATTNACH, et al., Appellants,

v.

STATE FARM INSURANCE COMPANY, Respondent.

No. C2–97–2003.

Court of Appeals of Minnesota.

April 14, 1998.

Review Denied June 17, 1998.

5.  Appellant has not argued a theory of inevitable    discovery, and we do not address it.

Carol A. Hooten, Eagan, for appellants.

Steven L. Viltoft, LaBore & Giuliani, Ltd., Hopkins, for respondent.

Considered and decided by DAVIES, P.J., and KALITOWSKI and FOLEY,* JJ.

## OPINION

DAVIES, Judge.

The district court, concluding the action was barred by the statute of limitations, granted respondent's motion for summary judgment and dismissed appellants' action for underinsured motorist (UIM) benefits. We affirm.

## FACTS

On January 24, 1991, Stanley Ringold's automobile collided with Bonita Cattnach's automobile, injuring her back. Cattnach and her husband sued Ringold and eventually settled their tort action in late 1993 or early 1994. In February 1996, a State Farm Insurance Company claims representative advised the Cattnachs that UIM benefits would be available under their policy "whenever" they needed such benefits. Some time later, Cattnach requested UIM benefits, but State Farm denied her claim.

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const.

The Cattnachs sued State Farm for UIM benefits on March 22, 1997. That was three years after they settled the tort action and received the available liability insurance proceeds, but it was six years and two months after the accident.

## ISSUES

I. Did the district court err in concluding that the six-year statute of limitations began to run on the date of the accident and that the Cattnachs' UIM action is barred?

II. Is State Farm estopped from denying UIM benefits because its agent represented to the Cattnachs that UIM benefits would be available whenever they needed those benefits?

## ANALYSIS

### I.

Whether the district court correctly calculated the limitations period is a question of law, and our review is de novo. *See Sargent v. State Farm Mut. Auto. Ins. Co.,* 486 N.W.2d 14, 16 (Minn.App.1992) (citing de novo standard of review in deciding whether statute of limitations barred appellants' UIM action), *review denied* (Minn. Aug. 4, 1992).

■ The parties agree that the applicable limitations period is six years. *See* Minn. Stat. § 541.05, subd. 1(1) (1996) (establishing six-year limitation period for contracts); *Sargent,* 486 N.W.2d at 16 (applying Minn.Stat. § 541.05, subd. 1(1), to UIM action). The parties disagree, however, on the date the limitations period began to run. The Cattnachs claim the six-year period commenced either on the date they settled with Ringold or on the date they discovered the extent of their injuries and the inadequacy of the available liability insurance coverage. The district court, however, concluded that the six-year period began to run on the date of the accident. We agree.

The supreme court has held that the limitations period for an insured's cause of action

art. VI, § 10.

for UIM benefits begins to run on the date of the motor vehicle accident causing the insured's injury. *O'Neill v. Illinois Farmers Ins. Co.,* 381 N.W.2d 439, 441 (Minn.1986). The *O'Neill* court explained: "The limitation period begins to run when the cause of action 'accrues,' or, put differently, when an action thereon can be brought." *Id.* at 440. The court rejected an argument that a cause of action for UIM benefits could not be brought until it was determined that the tortfeasor was "underinsured," pointing out:

[S]teps taken by a claimant in ascertaining what underinsured motorist benefits she might be entitled to, do not preclude the statute of limitations from beginning to run. At the time of the accident the injured person surveys her legal remedies and decides how best in the next 6 years to proceed, but the fact that the damages are unknown or unpredictable does not stop the 6 years from running.

*Id.* at 441 (citations omitted). The reason for having the date of the accident trigger the limitations period is, we believe, that the date of the accident is the date on which the statute of limitations begins to run on the tort claim that underlies and is a condition precedent to the recovery of UIM benefits.

The Cattnachs, however, cite *Sargent,* where the court examined the terms of a UIM policy and concluded that a cause of action for UIM benefits under that policy accrued on the date the insureds had settled with the tortfeasor. *Sargent,* 486 N.W.2d at 17. The Cattnachs argue that *O'Neill* is distinguishable from *Sargent* because *O'Neill* involved an action for implied UIM coverage, whereas the Cattnachs had actually purchased a UIM policy from State Farm. That is not the basis on which the cases should be distinguished.

The appropriate distinction is found in *Nelson v. State Farm Ins. Co.,* 567 N.W.2d 770 (Minn.App.1997), *review denied* (Minn. Oct. 31, 1997). In *Nelson,* we limited *Sargent* to the policy language found in that case. 567 N.W.2d at 772. The *Sargent* policy specifically provided that there would be "no [UIM] coverage until" the limits of all applicable liability policies had been exhausted and that the insurer would then pay UIM benefits

only for uncompensated damages. *Sargent,* 486 N.W.2d at 16. Distinguishing that policy language, the *Nelson* court stated:

The policy in this case does not provide that there will be no coverage until other policy limits are exhausted. Absent a "no coverage until" clause like that in *Sargent,* there is no "contractual accrual date" for this court to adopt.

567 N.W.2d at 772. The *Nelson* court concluded that, absent policy language similar to that in *Sargent,* the statute of limitations for UIM actions accrues on the date of the accident. *Id.; cf. O'Neill,* 381 N.W.2d at 441 (noting that "policy provisions requiring an exhaustion of remedies against the tortfeasor are not a bar to an underinsured motorist benefits claim"). We therefore conclude that the six-year limitations period for pursuing a UIM action on the policy here (which had no *Sargent*-type language) accrued on the date of the accident that provided the condition precedent for the UIM claim asserted.

The Cattnachs also cite *Employers Mut. Cos. v. Nordstrom,* 495 N.W.2d 855 (Minn. 1993), to support an argument that they were required to complete their tort action against Ringold before their UIM cause of action accrued. But *Nordstrom* did not involve a statute-of-limitations issue; it addressed only the issue of whether the processing of the tort claim should precede an insured's recovery of UIM benefits.

■ The Cattnachs rely on the statement in *Nordstrom* that, "[u]ntil there has been a recovery from the tortfeasor's insurer, the claimant's underinsured claim simply has not matured." 495 N.W.2d at 857. "Maturation" of a UIM claim, however, should not be equated with its "accrual." *See Hermeling v. Minnesota Fire & Cas. Co.,* 548 N.W.2d 270, 275 (Minn.1996) (stressing difference between time when statute of limitations begins to run on cause of action and time when right to sue comes into existence, and holding that UIM insurer's cause of action against tortfeasor accrues at time of motor vehicle accident, even though cause of action is not ripe for adjudication until UIM insurer has made payment to insured); *Nelson* 567 N.W.2d at 772 (distinguishing between time when cause of action arises and time when trial could

proceed, concluding that statute of limitations for insured's UIM claim began to run when cause of action accrued, not when action could be tried).

We conclude that the Cattnachs' cause of action arose on the date of the motor vehicle accident, triggering the six-year statute of limitations. We point out that the Cattnachs could have commenced their UIM action within the six-year period and then requested that trial be stayed until the tort action was either settled or litigated to completion, thus making the UIM action ripe for trial.

## II.

In the alternative, the Cattnachs argue that State Farm is estopped from relying on the statute of limitations because a State Farm agent represented that UIM benefits would be available to the Cattnachs "whenever" they needed such benefits. The Cattnachs cite *Hydra–Mac, Inc. v. Onan Corp.*, 450 N.W.2d 913, 918 (Minn.1990), which states that one party's fraudulent concealment of facts tolls the statute of limitations until the other party discovers the concealed facts.

The *Hydra–Mac* court cautioned, however, that it must be "the very existence of the facts which establish the cause of action which are fraudulently concealed." 450 N.W.2d at 918–19. The fact establishing the Cattnachs' cause of action for UIM benefits is that Cattnach was injured by an underinsured motorist. The Cattnachs have not alleged that the State Farm agent concealed this fact.

## DECISION

The six-year limitations period for bringing a UIM action began to run on the date of Cattnach's motor vehicle accident. State Farm is not estopped from relying on the statute of limitations.

**Affirmed.**