Michelle JOHNSON, et al., Appellants,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.**

No. C1–98–2276.

Court of Appeals of Minnesota.

June 1, 1999.

Kevin S. Carpenter, Holmen & Carpenter, St. Cloud, for appellants.

Mary Beth Mahler, Quinlivan & Hughes, St. Cloud, for respondent.

Considered and decided by TOUSSAINT, Chief Judge, AMUNDSON, Judge, and HUSPENI, * Judge.

## OPINION

TOUSSAINT, Chief Judge.

Appellants Michelle and Wayne Johnson challenge the district court's grant of respondent State Farm Mutual Automobile Insurance Company's (State Farm) motion for judgment on the pleadings of their UIM claim. The Johnsons argue that because they neither settled nor reduced their underlying tort claim to judgment within the limitations period, they are not

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to

Minn. Const. art. VI, § 10.

precluded from commencing their UIM claim after the limitations period has run. We disagree and affirm.

## FACTS

Appellant Michelle Johnson was allegedly injured on March 13, 1992, when an automobile, owned by Laverne Skaja and operated by Sean Terhaar, struck her automobile. The Johnsons commenced an action against Skaja and Terhaar in December 1997 and January 1998, respectively. As of the filing of this appeal, the Johnsons' tort action was still pending.

At the time of the accident, both Terhaar and Skaja had liability insurance with bodily injury liability limits of $50,000 per person. The Johnsons had UIM insurance through State Farm.

The Johnsons served State Farm with a summons and complaint on May 8, 1998, approximately six years and 52 days after the date of the accident. State Farm moved for judgment on the pleadings alleging the action was barred by the applicable statute of limitations. The Johnsons moved for permissive joinder of their tort claim against Skaja and Terhaar, and their UIM claim against State Farm. The district court granted State Farm's motion for judgment on the pleadings and denied the Johnsons' motion for joinder as moot. The Johnsons appeal.

## ISSUE

Did the district court err in granting State Farm's motion for judgment on the pleadings because the Johnsons' UIM action was barred by the applicable statute of limitations?

## ANALYSIS

The only question before a reviewing court on an appeal from a judgment on the pleadings is whether the complaint sets forth a legally sufficient claim for relief. *Elzie v. Commissioner of Pub. Safety*, 298 N.W.2d 29, 32 (Minn.1980). Whether a statute of limitations construc-

tion applies is a legal question, which we review de novo. *Sarafolean v. Kauffman*, 547 N.W.2d 417, 419 (Minn.App.1996), *review denied* (Minn. July 10, 1996).

The parties do not dispute that the statute of limitations for UIM actions is governed by the six-year limitations period for contracts according to Minn.Stat. § 541.05, subd. 1(1) (1998). *O'Neill v. Illinois Farmers Ins. Co.*, 381 N.W.2d 439, 440 (Minn.1986). Instead, they dispute when the statute of limitations began to run.

In an action to *imply* UIM coverage the statute of limitations begins to run from the date of the auto accident giving rise to the injury. *O'Neill*, 381 N.W.2d at 441. The same date applies to cases where UIM benefits are specifically provided by contract. *Weeks v. American Family Mut. Ins. Co.*, 580 N.W.2d 24, 26 (Minn.1998) (holding that *O'Neill* is not limited to implied-at-law coverage); *Nelson v. State Farm Ins. Co.*, 567 N.W.2d 770, 771 (Minn. App.1997) (stating that in "determining when the statute of limitations begins to run, we can discern no reason for distinguishing cases in which UIM coverage is implied from those in which such coverage is provided by contract"), *review denied* (Minn. Oct. 31, 1997).

We acknowledged a narrow exception to this rule by recognizing a party's right to specifically contract for an accrual date other than the date on which the accident occurred. *Sargent v. State Farm Mut. Auto. Ins. Co.*, 486 N.W.2d 14, 16 (Minn. App.1992), *review denied* (Minn. Aug. 4, 1992). The policy at issue in *Sargent* stated that:

> There is *no coverage until* the limits of liability of all bodily injury liability bonds and policies that apply have been used up by payments of judgments or settlements.

*Id.* (emphasis added). In *Nelson*, we held that "[a]bsent a 'no coverage until' clause like that in *Sargent*, there is no 'contractual accrual date' for this court to adopt,"

thereby leaving the accrual date as the date of the accident provided for in *O'Neill*. 567 N.W.2d at 772. The Johnsons do not allege that their policy with State Farm included a "no coverage until" clause similar to that found in *Sargent*. Rather, they argue that they could not have commenced their UIM claim within the limitations period because: (1) State Farm had not yet breached its contract by failing to pay their claim; and (2) their legal entitlement to UIM benefits had not yet been established because their tort action was not settled or reduced to judgment within the limitations period.

First, this court has addressed and specifically rejected the notion that the statute of limitations does not begin to run until after a UIM insurer breaches its contract by denying the insured's claim. *Sargent*, 486 N.W.2d at 16; *see Weeks*, 580 N.W.2d at 26–27 (explaining that although UIM claims are governed by contract, they also involve tort aspects because liability under the coverage is determined by tort law and thus, the date of the accident marks the start of the running of the limitations period). We did so because "an insured could unreasonably delay or indefinitely postpone operation of the statute of limitations by failing to make a demand for payment." *Sargent*, 486 N.W.2d at 16 (citing *O'Neill*, 381 N.W.2d at 440).

In support of their second argument, the Johnsons rely on *Washington v. Milbank Ins. Co.*, 562 N.W.2d 801, 806 (Minn.1997), wherein the supreme court states that its opinion in *Employers Mut. Cos. v. Nordstrom*, 495 N.W.2d 855 (Minn.1993) clarified that

> the insured must *first* recover from the tortfeasor's insurance company by either pursuing the tort claim to conclusion in a district court action or by reaching a settlement * * * *before* pursuing the UIM claim.

*Washington*, 562 N.W.2d at 806 (emphasis added).

Neither *Washington* nor *Nordstrom* involved a statute of limitations issue. In *Nordstrom*, the supreme court considered whether an injured claimant who does not want to settle or try her tort claim before pursuing UIM coverage could instead, *first* pursue UIM benefits against her own carrier. *Nordstrom*, 495 N.W.2d at 857. In discussing various reasons why an arbitration award for UIM benefits would be without effect until there is a settlement or judgment on the tort claim, the supreme court stated, "[u]ntil there has been a recovery from the tortfeasor's insurer, the claimant's underinsured claim simply has not *matured*." *Id.* (emphasis added).

The limitations period, however, "begins to run when the cause of action '*accrues*,'" *O'Neill*, 381 N.W.2d at 440, and "'[m]aturation' of a UIM claim * * * should not be equated with its 'accrual.'" *Cattnach v. State Farm Ins. Co.*, 577 N.W.2d 251, 253 (Minn.App.1998) (citing *Hermeling v. Minnesota Fire & Cas. Co.*, 548 N.W.2d 270, 275 (Minn.1996) (holding that although a UIM insurer's cause of action against a tortfeasor is not ripe for adjudication until the UIM insurer has made payment to the insured, the cause of action still accrues at the time of the motor vehicle accident)); *Nelson*, 567 N.W.2d at 772 (distinguishing between time when cause of action accrues and time when trial could proceed, concluding that limitations period on UIM claim begins to run when cause of action accrues, not when action could be tried), *review denied* (Minn. June 17, 1998). Therefore, although tort recovery is a condition precedent to trying or arbitrating a UIM claim, *Nordstrom*, 495 N.W.2d at 857, it does not involve the tolling of the statute of limitations. *See O'Neill*, 381 N.W.2d at 441 (stating that "steps taken by a claimant in ascertaining what [UIM] benefits she might be entitled to, do not preclude the statute of limitations from beginning to run"). "[T]he fact that the damages are unknown or unpredictable [before tort recovery] does not stop the 6 years from running." *Id.*

We conclude that the Johnsons should have commenced their UIM action before

the tolling of the limitations period. And they should have "requested that trial be stayed until the tort action was either settled or litigated to completion, thus making the UIM action ripe for trial." *Cattnach*, 577 N.W.2d at 254. Because the Johnsons did not commence their UIM action within six years of the accident, their claim is barred by the statute of limitations.

## DECISION

Absent a contractual accrual date, the statute of limitations on a UIM claim begins to run on the date of the accident causing injury. Therefore, the Johnsons are precluded from bringing their UIM claim more than six years after the accident.

**Affirmed.**