Patricia Frances OANES,
et al., Appellants,

v.

ALLSTATE INSURANCE COMPANY,
Respondent.

No. C5–99–704.

Supreme Court of Minnesota.

Sept. 14, 2000.

Robert J. Milavetz, Paul T. Kizilos, David O.N. Johnson, Milavetz Gallop & Milavetz, P.A., Edina, for appellants.

Jeanne H. Unger, John R. Neve, Rider, Bennett, Egan & Arundel, Minneapolis, for respondent.

## OPINION

PAGE, Justice.

The court of appeals affirmed dismissal of a suit for underinsured motorist ("UIM") benefits because it was commenced more than six years after the accident in which the injury occurred. We are asked to determine whether the statute of limitations begins to run on a UIM claim on the date of the accident or at a later time. In the past, we have indicated that the claim accrues and the limitations period commences at the time of the accident that causes the injury. *See Weeks v. American Family Mut. Ins. Co.*, 580 N.W.2d 24, 27 (Minn.1998); *O'Neill v. Illinois Farmers Ins. Co.*, 381 N.W.2d 439, 439 (Minn.1986). Yet we have also held that a UIM claim is not ripe until is has been determined that the tortfeasor is in fact underinsured by settlement or adjudication of the claim against the tortfeasor. *See Employers Mut. Cos. v. Nordstrom*, 495 N.W.2d 855, 857 (Minn.1993). Because the confluence of these decisions creates the possibility that the statute of limitations could run on a UIM claim before it becomes ripe, we conclude that the better rule is that UIM claims accrue and the statute of limitations begins to run when the UIM claim becomes ripe by settlement or adjudication of the claim against the tortfeasor. We therefore reverse and remand.

On October 7, 1998, appellants, Patricia and Gerald Oanes (collectively "the Oanes"), brought suit in Hennepin County District Court against respondent, Allstate Insurance Company ("Allstate"), seeking to recover UIM benefits under their Allstate policy for a March 18, 1992, automobile accident. Allstate moved for summary judgment, claiming that the Oanes' claims were time barred. Agreeing with Allstate, the district court granted the motion and dismissed the action. The court of appeals affirmed.

The relevant facts from the record are as follows. Patricia Oanes was injured in a multi-vehicle, chain reaction collision on March 18, 1992, as a result of being rear-ended by a car driven by Jeffrey Giefer. Oanes suffered injuries to her head, neck and back. Oanes, along with her husband, Gerald, first brought a claim against Giefer. That claim was settled on August 12, 1995. In July 1995, before the settlement, the Oanes notified Allstate of their intent to seek underinsured motorist benefits under their Allstate policy. Under the policy, UIM benefits were not recoverable until all tortfeasors' "limits of liability" had been exhausted by settlement or judgment. Allstate informed the Oanes that their claim was not ripe because they had not pursued a claim to settlement or judgment against Howard Theis, the driver of the car that rear-ended Giefer. As a result, on April 2, 1997, the Oanes commenced an action against Theis' estate. That action was settled on August 26, 1998.

In a complaint filed on October 7, 1998, the Oanes commenced an action against Allstate seeking to recover UIM benefits. Allstate moved for summary judgment arguing that *O'Neill* and *Weeks* establish that the six–year statute of limitations for UIM claims begins to run on the date of the accident causing the injury for which recovery is sought and the Oanes' action was therefore time-barred because it was commenced more than six years after the date of Patricia Oanes' injuries. The Oanes responded that the *O'Neill–Weeks*

rule of accrual for UIM claims did not apply because under the language of their Allstate policy, the statute of limitations did not begin to run until the limits of all tortfeasors' liability had been exhausted by settlement, which did not occur until August 26, 1998, less than six years before they commenced their UIM action. They relied on *Sargent v. State Farm Mutual Automobile Insurance Co.*, 486 N.W.2d 14 (Minn.App.1992), *rev. denied* (Minn. Aug. 4, 1992), for this policy-language argument.[1] The district court rejected the argument because the language of the Oanes' policy was different than the policy language in *Sargent* and dismissed the action. The Oanes made the same policy-language argument in the court of appeals, and as in the district court, the argument was rejected. *See Oanes v. Allstate Ins. Co.*, No. C5–99–704, 1999 WL 886662, at *2 (Minn.App. Oct.19, 1999).

In their petition for review to this court, in addition to the policy-language argument presented to the district court and the court of appeals, the Oanes raised a new issue. For the first time, the Oanes asked the court to address the general issue of when a UIM claim accrues, independent of the specific language in their policy. Specifically, they presented the question of whether this court should reject the *O'Neill–Weeks* rule that the statute of limitations on a UIM claim begins to run on the date of the accident causing the injuries and instead hold that the statute of limitations for a UIM claim begins to run on the date the insurance contract is breached—that is, when a claim for UIM coverage is denied by the insurer.

## I.

■ The first issue we must address is whether we should consider the claim accrual issue in light of the fact that it was raised for the first time in the petition for review. Generally, issues not raised below will not be considered on appeal. *See Thiele v. Stich*, 425 N.W.2d 580, 582 (Minn. 1988). This is not, however, an ironclad rule. We have recognized an exception to this rule when the issue "*is plainly decisive of the entire controversy on its merits, and where*, as in a case involving undisputed facts, *there is no possible advantage or disadvantage to either party in not having had a prior ruling by the trial court on the question.*" *Watson v. United Servs. Auto. Ass'n*, 566 N.W.2d 683, 687 (Minn. 1997) (quoting *Holen v. Minneapolis–St. Paul Metro. Airports Comm'n*, 250 Minn. 130, 135, 84 N.W.2d 282, 286 (1957)). Here, there are no disputes of fact that affect the purely legal question presented and there is no possible advantage or disadvantage to either party by not having a prior lower court ruling. Although the issue is not decisive of the entire case on the merits, the procedural posture of this case is such that we will entertain the issue. *See* Minn.R.Civ.App.P. 103.04 (appellate court may "review any other matter as the interest of justice may require").

The issue the Oanes first raised in their petition for review—when a UIM claim accrues—was pending before this court in another case when the Oanes filed their petition. *See Johnson v. State Farm Mut. Auto. Ins. Co.*, 594 N.W.2d 243 (Minn.App. 1999), *rev. granted* (Minn. Aug. 18, 1999), and *rev. vacated and appeal dismissed as moot* (Minn.Jan.25, 2000). The Johnsons brought their UIM claim more than six years after the accident causing their injuries but before their claims against the tortfeasor were resolved. In early November 1999, the Johnsons' claim against the tortfeasor was tried. Based on the jury's November 9, 1999 verdict, the district court entered an order for judgment for the Johnsons in an amount less than the policy limits of the tortfeasor's liability insurance coverage. Because the judg-

---

1. In *Sargent,* the court of appeals concluded that the language of the insurance policy at issue established a contractual accrual date that created an exception to the general rule that a UIM claim accrues at the time of the accident. 486 N.W.2d at 16.

ment did not exceed his insurance limits, the tortfeasor was not underinsured. On that basis, the insurer in *Johnson* moved to dismiss the Johnsons' appeal to this court as moot just two days before oral argument. The oral argument took place, but after the appeal period for the underlying tort judgment had passed and the judgment became final, the *Johnson* appeal was dismissed as moot.

The petition for review in this case came before the court after the *Johnson* oral argument, but before the final determination that *Johnson* was moot. In order to preserve the claim accrual issue, we granted review in this case and stayed further proceedings pending final disposition in *Johnson*. Having dismissed the appeal in *Johnson* as moot, we now address the claim accrual issue here.

## II.

The substantive question that we must resolve is when an insured's action against its insurer for UIM benefits accrues and starts the statute of limitations running. Although we have not previously ruled on this issue in this precise context, we have addressed related aspects of the issue. We held that, an action to imply UIM coverage in a policy and then to recover benefits under that implied-in-law coverage accrues on the date of the accident. *See O'Neill v. Illinois Farmers Ins. Co.*, 381 N.W.2d 439, 439 (Minn.1986). Next, we held that because of its tort character, a UIM claim does not survive the death of the injured claimant and in doing so explained *O'Neill* as holding that the statute of limitations for a UIM claim begins to run when the accident that caused the injury occurs. *See Beaudry v. State Farm Mut. Auto. Ins. Co.*, 518 N.W.2d 11, 11, 13 (Minn.1994). We then held that a UIM insurer's subrogation action against the tortfeasor also begins to run on the date of the accident causing the injury. *See Hermeling v. Minnesota Fire & Cas. Co.*, 548 N.W.2d 270, 275 (Minn.1996). Most recently, we held that the statute of limita-

tions for an uninsured motorist ("UM") claim runs from the date of the accident that causes the injury. *See Weeks v. American Family Mut. Ins. Co.*, 580 N.W.2d 24, 27 (Minn.1998). In reaching that conclusion, we stated that the rule of claim accrual announced in *O'Neill* was not limited to implied-at-law UIM claims and that our subsequent cases established that "the statute of limitations on a UIM claim begins to run when the accident occurs." *Weeks*, 580 N.W.2d at 26 (citation omitted). While we acknowledged in *Weeks* that in a majority of jurisdictions the statute of limitations for a UIM claim begins to run when the contract is breached, i.e., when the claim is denied by the insurer, we concluded that there was "no reason to abandon the rationale" adopted in *O'Neill*. *See Weeks*, 580 N.W.2d at 27. We reiterated our concern expressed in *O'Neill* that, if the UIM claim did not accrue until the contract was breached, the UIM claimant would be able to postpone indefinitely the commencement of the limitations period by not submitting the claim. *See Weeks*, 580 N.W.2d at 26, 27. Thus, in *Weeks*, we left the reasoning and decision in *O'Neill* undisturbed and expanded it to cover the accrual of UM claims.

Although none of these cases directly addressed the accrual date of a UIM claim, it is not surprising, especially given our language in *Weeks*, that the court of appeals and respondent interpret *O'Neill* and its progeny as establishing that a UIM claim accrues on the date of the accident. The issue before us is whether we should abandon that interpretation of *O'Neill–Weeks* and adopt the position taken by a majority of jurisdictions that a cause of action for the recovery of UIM benefits accrues not when the injury occurs, but when the insurance contract has been breached. As recently as 1998, we declined to adopt that position. *See Weeks*, 580 N.W.2d at 27.

Although the *O'Neill* line of cases appears to establish a rule for accrual of UIM claims, there is another line of our

cases that contradicts *O'Neill–Weeks* by holding that a claim for UIM benefits is not ripe until the underlying tort claim is resolved, either by settlement or judgment. We held that a UIM claimant is required to pursue his or her claim against the tortfeasor to settlement or judgment before seeking UIM benefits from the underinsurer. *See Employers Mut. Cos. v. Nordstrom*, 495 N.W.2d 855, 858 (Minn. 1993). We reasoned that "denying claimants the option of proceeding first with an unmatured underinsurance claim [prior to the conclusion of the underlying tort claim] reduces the likelihood of underinsurance becoming primary coverage, which would be contrary to the designed role of underinsurance and to the underwriting principles on which it is written." *Id.* We explained that: "[A] recovery from the tortfeasor's liability insurance is a nonarbitrable condition precedent to bringing an underinsured claim. Until there has been a recovery from the tortfeasor's insurer, the claimant's underinsured claim simply has not matured." *Id.* at 857. We held accordingly that, in order to preserve the rights of both the UIM claimant and the UIM carrier, the UIM claimant must first recover from the tortfeasor's liability insurance before proceeding to arbitration on a UIM claim. *See id.* at 858. In *Washington v. Milbank Ins. Co.*, 562 N.W.2d 801, 806 (Minn.1997), we reaffirmed that holding.

These contradictory lines of cases can put a UIM claimant in an untenable position. The *O'Neill*–*Weeks* line tells the claimant that her claim must be brought within six years of the accident causing injury. The *Nordstrom* line tells her that settlement or adjudication of an action against the tortfeasor is a condition precedent to bringing the UIM claim. But there is no guarantee that the *Nordstrom* condition precedent will occur before the *O'Neill–Weeks* six–year statute has run. The disharmony between these two rules of law makes it possible for the statute of limitations on the UIM claim to run, as it did in *Johnson* and in this case, before it is

known whether the tortfeasor is actually underinsured, and therefore, before a UIM claim could have been brought. Since our decision in *Weeks*, this court has received a number of petitions for review calling our attention to the resulting unfairness to UIM claimants who have paid a premium for UIM coverage and have diligently pursued the tortfeasor, but who are denied the benefit of that coverage through the operation of the two rules.

At the time of our decision in *Weeks*, the court did not have before it, and therefore did not consider, the interplay between the rule that the statute of limitations for UIM claims begins to run on the date of the accident that caused the claimant's injuries and the rule precluding a UIM claimant from proceeding with a claim until the underlying tort action has been resolved by settlement or judgment. In fact, our analyses in these two sets of cases has unfortunately proceeded as if on parallel but separate tracks that never intersect; neither line has been addressed in the consideration of the other. But the rules do intersect in real cases, and with potentially disastrous impact. This interplay between the two rules creates the possibility that the statute of limitations may run on a valid UIM claim before the claimant can determine whether the claim exists. That result is inconsistent with our sense of justice and one we cannot abide.

It has been suggested that this undesirable result can be avoided by the approach laid out by the court of appeals in *Cattnach v. State Farm Insurance Co.*, 577 N.W.2d 251 (Minn.App.1998), *rev. denied* (Minn. June 17, 1998). The appellate court there suggested "that the Cattnachs could have commenced their UIM action within the six–year period and then requested that the trial be stayed until the tort action was either settled or litigated to completion." *Id.* at 254. Although this solution provides a vehicle for both rules to remain viable, it does so at a cost. That cost is the invitation to bring litigation,

including the attendant burden and expense placed on finite judicial resources as well as on the parties, for cases in which no justiciable controversy currently exists or may ever exist. We decline to extend such an invitation.

Respondent argues that stare decisis should preclude abandonment of the *O'Neill–Weeks* claim accrual rule. The doctrine of stare decisis directs that we adhere to former decisions in order that there might be stability in the law. *See Naftalin v. King*, 257 Minn. 498, 509, 102 N.W.2d 301, 308 (1960). At the same time, "*stare decisis* is not an inflexible rule of law but rather a policy of the law." *Johnson v. Chicago, Burlington & Quincy R.R. Co.*, 243 Minn. 58, 68, 66 N.W.2d 763, 770 (1954). Thus, while we are extremely reluctant to overrule our previous cases, stare decisis does not bind us to unsound principles. "[W]hen a rule, after it has been duly tested by experience, has been found to be inconsistent with the sense of justice or with the social welfare, there should be less hesitation in frank avowal and full abandonment." Benjamin N. Cardozo, *The Nature of the Judicial Process* 150 (1921). An early California Supreme Court decision may have stated it best: "[T]he *mere fact* that an error has been committed is no reason or even apology for repeating it, much less. for perpetuating it." *Hart v. Burnett*, 15 Cal. 530, 600–01 (1860). We concluded in *Weeks* that there was "no reason to abandon the rationale we adopted" in *O'Neill*. *Weeks*, 580 N.W.2d at 27. As explained above, a compelling reason is before us now and that reason is sufficient to override stare decisis concerns.

Accordingly, we reject the rule that a UIM claim accrues on the date of the accident that causes the injury. We overrule the *O'Neill–Weeks* line of cases to the extent that they articulate such a rule. We must now decide what is the appropriate alternative accrual event for UIM claims.

While we reject the *O'Neill–Weeks* rule of claim accrual at the time of the accident because of its inconsistency with the *Nordstrom* rule and its potentially harsh consequences for UIM claimants, we are not unmindful of the concerns we articulated in *O'Neill* and reiterated in *Weeks* that prompted us to adopt the date of the accident as the accrual date. Our concern in *O'Neill* and *Weeks* was that, if the accrual date was the date of the breach of the insurance contract, that is, the date the claim was denied, the insured would be able to postpone the operation of the statute of limitations indefinitely. Consistent with this concern, we again decline to adopt the rule that commences the statute of limitations when the contract is breached.

We instead adopt a third option for the time a UIM claim accrues and the statute of limitations begins to run. This option is the date of settlement with or judgment against the tortfeasor. *See Wheeler v. Nationwide Mut. Ins. Co.*, 749 F.Supp. 660, 662 (E.D.Pa.1990) (holding that a UIM claim accrues when insured's rights have vested, which does not occur until the insured knows that the tortfeasor was an underinsured motorist; citing similar holding with regard to UM claim in *Boyle v. State Farm Mut. Auto. Ins. Co.*, 310 Pa.Super. 10, 456 A.2d 156, 162 (1983)); *see also North Carolina Ins. Guar. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 115 N.C.App. 666, 446 S.E.2d 364, 369 (1994) (holding that the statute of limitations did not commence on UM claim until the tortfeasor's insurance company was declared insolvent and the UM claimant was then "at liberty to sue").[2]

---

2. Although these citations illustrate that other jurisdictions have applied the accrual rule we adopt to UM as well as UIM claims, the case before us involves only a UIM claim. There are differences between the two types of claims that may have a bearing on the appropriate accrual rule. For example, "[t]he condition precedent for bringing an *uninsured* motorist claim is different from the underinsured claim. To bring an arbitration claim

Using the date of settlement with or judgment against the tortfeasor as the accrual date for UIM claims is consistent with our *Nordstrom* decision. The UIM claim will accrue when the condition precedent to raising the UIM claim that we identified in *Nordstrom* has been satisfied, not before. The statute of limitations will not be triggered until the UIM claim becomes ripe, eliminating the possibility that the limitations period will have run before the claim could be brought.

Designating the date of settlement with or judgment against the tortfeasor as the accrual date for UIM claims is also consonant with our concern expressed in *O'Neill* and *Weeks* that the claimant not be enabled to forestall the commencement of the limitations period indefinitely by failing to assert the UIM claim. With the date of settlement or judgment as the accrual date, that cannot happen.

Adopting the date of settlement or judgment as the accrual date protects the interests of both the insured and the insurer.[3] Therefore, we reverse the court of appeals and remand to the district court for further proceedings consistent with this opinion.[4]

Reversed and remanded to the district court.

for [UM] benefits, the claimant does not have to recover first from the uninsured tortfeasor; the claimant need only show that the tortfeasor was uninsured." *Nordstrom,* 495 N.W.2d at 857 n. 4. Resolution of whether such differences warrant different rules of accrual must await a case that presents the issue in the context of a UM claim. Accordingly, our decision to adopt the date of settlement with or judgment against the tortfeasor as the accrual date for purposes of the running of the statute of limitations is limited to UIM claims.

3. We similarly adopted a rule that accommodated the interests of both the UIM claimant and the UIM insurer in *Schmidt v. Clothier,* 338 N.W.2d 256 (Minn.1983). In *Schmidt,* we endorsed a procedure by which a UIM claimant may settle her action against the

tortfeasor for the "best settlement" without forfeiting her UIM benefits by giving notice of the settlement to the underinsurer, which may substitute its check for that of the tortfeasor's liability insurance company. This process protects both the UIM claimant's ability to settle with the tortfeasor and also the UIM insurer's subrogation interest. The claim accrual rule we approve today is consistent with the *Schmidt v. Clothier* procedure.

4. Because of our resolution of the question presented with respect to the accrual date for UIM claims, we need not and therefore do not reach the question of whether the language of the Oanes' insurance policy with Allstate created a contractual accrual date different from the *O'Neill–Weeks* rule.