**James STROOP, Respondent,**

v.

**FARMERS INSURANCE EXCHANGE a/k/a Illinois Farmers Insurance Company, Appellant.**

**No. A08–1320.**

Court of Appeals of Minnesota.

April 21, 2009.

Wilbur W. Fluegel, Fluegel Law Office, David W.H. Jorstad, McCoy, Peterson & Jorstad, Ltd., Minneapolis, MN, for respondent.

Daniel R. Mitchell, Votel, McEachron & Godfrey, St. Paul, MN, for appellant.

Considered and decided by STONEBURNER, Presiding Judge; SHUMAKER, Judge; and PORITSKY, Judge.*

## OPINION

STONEBURNER, Judge.

In *Oanes v. Allstate Ins. Co.,* the supreme court held that a UIM claim accrues and the statute of limitations begins to run "when the UIM claim becomes ripe by settlement or adjudication of the claim against the tortfeasor." 617 N.W.2d 401, 402 (Minn.2000). This appeal raises the legal issue of when a UIM claim is "ripe by settlement." In this case, the district court denied appellant UIM insurer's motion for summary judgment based on the statute of limitations. The district court held that respondent insured's UIM claim accrued and the statute of limitations began to run on the date of the release in insured's action against the tortfeasor, which was less than six years before the insured's action for UIM benefits commenced. Because we conclude that a UIM claim accrues by reason of settlement on the date that the insured receives notice

---

\* Retired judge of the district court, serving as judge of the Minnesota Court of Appeals by appointment pursuant to Minn. Const. art. VI, § 10.

that the UIM insurer will not substitute its check for that of the tortfeasor's insurer under *Schmidt v. Clothier,* 338 N.W.2d 256 (Minn.1983), and because the UIM action in this case was commenced more than six years after that date, we reverse.

## FACTS

Respondent James Stroop was injured in a motor vehicle accident in February 1996. Stroop sued the other driver (the tortfeasor). In March 2001, Stroop accepted an offer from the tortfeasor's insurer to settle Stroop's claim against the tortfeasor for the tortfeasor's insurance policy limits of $50,000. On March 19, 2001, Stroop provided notice under *Schmidt,* 338 N.W.2d 256,[1] to his UIM insurer, appellant Farmers Insurance Exchange a/k/a Illinois Farmers Insurance Company (Farmers), informing Farmers of its right to substitute its draft for the settlement check and thereby preserve its subrogation rights against the tortfeasor.

By letter dated March 30, 2001, Farmers informed Stroop that it declined to substitute its draft. Stroop's attorney received this letter on April 2, 2001. Stroop signed a release in his action against the tortfeasor on April 17, 2001. Stroop sued Farmers for UIM benefits on April 12, 2007.

Farmers moved for summary judgment arguing that Stroop's UIM action is barred by the six-year statute of limitations which began to run on April 2, 2001, the date Stroop received notice that Farmers was not going to substitute its check for that of the tortfeasor's insurer. Stroop opposed summary judgment, arguing that the statute of limitations did not begin to run until April 17, 2001, the date of the release in

his action against the tortfeasor. The district court agreed with Stroop and denied summary judgment to Farmers. The parties then stipulated to entry of judgment that preserved Farmers' right to appeal the issue of the date on which a settlement triggers accrual of a UIM claim. This appeal followed.

## ISSUE

■ Under *Oanes v. Allstate Ins. Co.,* a UIM claim accrues and the statute of limitations begins to run "when the UIM claim becomes ripe by settlement or adjudication of the claim against the tortfeasor." 617 N.W.2d 401, 402 (Minn.2000). On what date does a UIM claim become "ripe by settlement"?

## ANALYSIS

■ The facts in this case are undisputed, and the only issue before us is whether the district court correctly concluded that a UIM claim does not accrue by settlement until the date of the release in the underlying tort action. "The construction and application of a statute of limitations, including the law governing the accrual of a cause of action, is a question of law and is reviewed de novo." *MacRae v. Group Health Plan, Inc.,* 753 N.W.2d 711, 716 (Minn.2008).

■ It is undisputed that a UIM action is a contract action governed by the six-year statute of limitations under Minn. Stat. § 541.05, subd. 1(1) (2008). *See O'Neill v. Illinois Farmers Ins. Co.,* 381 N.W.2d 439, 440 (Minn.1986) (applying the six-year statute of limitations under Minn. Stat. § 541.05, subd. 1, to a UIM claim), *overruled on other grounds by Oanes,* 617

---

1. *Schmidt v. Clothier* was superceded on grounds not relevant to this appeal. *See Dohney v. Allstate Ins. Co.,* 632 N.W.2d 598, 602–03 (Minn.2001) (stating that the 1989 amend-ments to the No–Fault Act, found at Minn. Stat. § 65B.49, subd. 4a (2008), changed the law so that "[UIM] coverage begins where payment from the tortfeasor leaves off").

N.W.2d at 406. And it is undisputed that the "date of settlement or judgment" is the accrual date for a UIM cause of action. *Oanes*, 617 N.W.2d at 407 (stating that "[d]esignating the date of settlement with or judgment against the tortfeasor as the accrual date for UIM claims is ... consonant with our concern ... that the claimant not be enabled to forestall the commencement of the limitations period indefinitely by failing to assert the UIM claim"). But *Oanes* did not define how the date of a settlement is to be determined.

■ " '[A] *recovery* from the tortfeasor's liability insurance is a nonarbitrable condition precedent to bringing an underinsured claim. Until there has been a *recovery* from the tortfeasor's insurer, the claimant's underinsured claim simply has not matured.' " *Id.* at 405 (emphasis added) (quoting *Employers Mut. Cos. v. Nordstrom*, 495 N.W.2d 855, 857 (Minn.1993)). "The UIM claim will accrue when the condition precedent ... [the supreme court] identified in *Nordstrom* has been satisfied, not before." *Id.* at 407.

Stroop argues that "recovery" does not occur until the exchange of the check and release in the underlying tort action and asserts that the condition precedent referenced in *Nordstrom* is not satisfied before that exchange.[2] Farmers argues that making the date of the release the accrual date for a UIM claim resurrects the specter of a claimant being able to indefinitely forestall the commencement of the limitations period, which has caused the su-

preme court to repeatedly reject denial of a UIM claim as the accrual date of the cause of action. *See Oanes*, 617 N.W.2d at 407 (referring to prior cases that rejected the date a UIM claim was denied as the accrual date of a UIM cause of action because it would allow the claimant to postpone the operation of the statute of limitations indefinitely).

■ Farmers asserts that "recovery" occurs when the settlement agreement between the insured plaintiff and the tortfeasor is enforceable. Farmers argues that the settlement is enforceable as soon as the insured plaintiff receives notice that the UIM insurer will not substitute its check for that of the tortfeasor's insurer because, under *Schmidt*,[3] notice of non-substitution by the UIM insurer of its check satisfies the only condition precedent to enforcement of the settlement. Therefore, Farmers asserts, receiving notice of non-substitution triggers the accrual of the UIM claim and the statute of limitations begins to run on the UIM claim on the date that notice is received. We agree.

■ "Recovery" means
1. The regaining or restoration of something lost or taken away. 2. The obtainment of a right to something (esp. damages) by a judgment or decree. 3. An amount awarded in or collected from a judgment or decree.

*Black's Law Dictionary* 1280 (7th ed.1999). A settlement agreement or a judgment confers the right to damages before payment is actually made or any

---

2. At oral argument, counsel for Stroop did not dispute that a settlement agreement is enforceable before a release is signed but argued that too much uncertainty would result from assigning an accrual date other than the date of the release. We agree with Farmers that the date of receipt of notice of non-substitution is sufficiently precise.

3. 338 N.W.2d 256 (setting out a procedure by which a UIM claimant may settle an action against a tortfeasor, without forfeiting UIM benefits, by giving notice of the settlement to the UIM insurer, which may substitute its check for that of the tortfeasor's insurer to protect its subrogation claim against the tortfeasor).

required release is signed. Therefore, a *recovery* occurs when a settlement agreement is enforceable, which can precede the signing of a release. *See, e.g., Ryan v. Ryan,* 292 Minn. 52, 55–56, 193 N.W.2d 295, 297–98 (1971) (affirming grant of summary judgment compelling appellant to execute settlement, including mutual releases, previously agreed upon by appellant and respondent).

In this case, Stroop received notice that Farmers would not substitute its check for that of the tortfeasor's insurer on April 2, 2001. Stroop's settlement agreement with the tortfeasor was enforceable, constituting a "recovery," that triggered accrual of the UIM claim on that date, and Stroop's April 12, 2007 UIM claim was untimely.

## DECISION

Stroop's UIM claim accrued by reason of a settlement with the tortfeasor and the statute of limitations began to run on April 2, 2001, the date that Stroop received notice that Farmers declined to substitute its check for that of the tortfeasor's insurer to protect its subrogation rights under *Schmidt.* Because Stroop initiated his action against Farmers for UIM benefits more than six years after April 2, 2001, the UIM claim was barred by the statute of limitations. The district court erred by denying summary judgment to Farmers.

**Reversed.**