# STATE OF MINNESOTA
## IN COURT OF APPEALS
### A23-1024

City of Eden Prairie,
Respondent,

vs.

Travis R. Serafin,
Relator,

Public Employees Retirement Association,
Respondent.

**Filed April 22, 2024**
**Reversed**
**Reyes, Judge**

Office of Administrative Hearings
File No. 23-3600-38573

Joseph A. Nilan, Margaret L. Neuville, Gregerson, Rosow, Johnson & Nilan, Ltd., Minneapolis, Minnesota (for respondent City of Eden Prairie)

Scott R. Rowland, Eric S. Schwab, Meuser, Yackley & Rowland, PA, Eden Prairie, Minnesota (for relator Travis R. Serafin)

Lance L. LaFrombois, Public Employees Retirement Association of Minnesota, St. Paul, Minnesota (for respondent Public Employees Retirement Association)

Considered and decided by Reyes, Presiding Judge; Wheelock, Judge; and Schmidt, Judge.

## SYLLABUS

An administrative-law judge does not have the statutory authority under Minn. Stat. § 299A.465, subd. 1(b) (2022), to decide whether an individual has contractually waived a claim to continued health-insurance coverage.

## OPINION

**REYES**, Judge

In this certiorari appeal, relator challenges the decision of an administrative-law judge (ALJ) on summary disposition that relator is not entitled to continued health-insurance coverage under Minn. Stat. § 299A.465 (2022 & Supp. 2023) because he waived any claim to coverage in a separation agreement that he entered into with his then-employer respondent-city. Because the ALJ lacked the statutory authority under Minn. Stat. § 299A.465, subd. 1(b), to decide whether relator contractually waived any claim to continued coverage, we reverse.

## FACTS

Respondent City of Eden Prairie (the city) employed relator Travis R. Serafin as a licensed police officer from October 2000 until November 2018, when the city terminated Serafin's employment due to allegations of misconduct. After an arbitrator reinstated Serafin's employment, the city moved to vacate the arbitration award. While the city's motion was pending, the parties engaged in mediation and entered into a separation agreement in May 2021. The separation agreement provided that, "[i]n settlement and consideration for the release of any and all claims, grievances, or complaints, asserted or unasserted, arising out of or relating in any way to Serafin's employment," the city would pay Serafin an amount "inclusive of all liens, interest, costs, disbursements, attorney's fees, penalties, wages, paid time off, PERA contributions, and all other benefits to which Serafin may be entitled."

In January 2022, respondent Public Employees Retirement Association[1] (PERA) informed the city that Serafin had applied for duty-disability benefits due to post-traumatic-stress disorder. In June 2022, PERA notified the city that it had approved Serafin's disability-benefit application and that the city, as Serafin's former employer, was responsible for providing continued health-insurance coverage for Serafin and his dependents under Minn. Stat. § 299A.465.

The city petitioned for a contested-case hearing under Minn. Stat. § 299A.465, subd. 1(b), to challenge its responsibility to provide Serafin's continued health-insurance coverage, and subsequently moved for summary disposition, arguing that the separation agreement absolved it of the obligation to provide continued health-insurance coverage. The city did not contest PERA's determination that Serafin qualifies for duty-disability benefits, but only whether it must provide him with continued health-insurance coverage under Minn. Stat. § 299A.465. Serafin opposed summary disposition and argued that the separation agreement did not preclude benefits under Minn. Stat. § 299A.465; that he did not knowingly, intelligently, and voluntarily agree to waive those benefits by signing the separation agreement; and that the parties did not contemplate his duty disability when they entered into the separation agreement.

On June 14, 2023, the ALJ granted the city's motion for summary disposition after determining that Serafin "waived all right to continuation of health insurance coverage by the [c]ity when he released the [c]ity from any and all claims, grievances, or complaints,

---

[1] Although PERA is listed as a respondent in this case, it did not participate in the appeal.

asserted or unasserted, and any potential and outstanding claims in exchange for a significant lump sum benefit payout." The ALJ also determined that the parties had contemplated PERA benefits when reaching the separation agreement and that Serafin's waiver had been knowing, intelligent, and voluntary.

Serafin petitioned for a writ of certiorari. At oral argument before this court, Serafin argued, for the very first time, that the ALJ lacked the authority under Minn. Stat. § 299A.465 to decide whether Serafin had contractually waived any claim to coverage by entering the separation agreement with the city. We requested that the parties submit supplemental briefing on that argument.

## ISSUE

Does an ALJ have the authority under Minn. Stat. § 299A.465, subd. 1(b), to decide whether an individual contractually waived a claim for continued health-insurance coverage?

## ANALYSIS

In his supplemental brief, Serafin argues that the ALJ lacked subject-matter jurisdiction under Minn. Stat. § 299A.465 to decide whether he contractually waived continued health-insurance coverage. Because this issue is dispositive, we do not address the parties' remaining arguments.

As a threshold matter, although Serafin raised this issue as a question of subject-matter jurisdiction and we requested supplemental briefing on that question and the ALJ's statutory authority, we conclude that this issue is more appropriately framed solely as a challenge to the scope of the ALJ's authority under Minn. Stat. § 299A.465.

4

"Administrative agencies are creatures of statute and they have only those powers given to them by the legislature." *In re Hubbard*, 778 N.W.2d 313, 318 (Minn. 2010). The Office of Administrative Hearings (OAH) is a creation of the Minnesota Administrative Procedure Act (MAPA), Minn. Stat. §§ 14.001-.69 (2022). *See* Minn. Stat. § 14.48, subd. 1. MAPA provides that "[a]n agency shall initiate a contested case proceeding when one is required by law" and "shall decide a contested case only in accordance with the contested case procedures [of MAPA]." Minn. Stat. § 14.57(a).

MAPA also governs judicial review of administrative decisions following contested-case hearings. Minn. Stat. §§ 14.63-.69. Appellate courts may affirm or remand for further proceedings, or they may reverse or modify an agency's decision "if the substantial rights of the petitioners may have been prejudiced because the administrative finding, inferences, conclusion, or decisions are: . . . in excess of the statutory authority or jurisdiction of the agency." Minn. Stat. § 14.69(b). Minnesota law is unclear as to whether a question of statutory authority, like subject-matter jurisdiction, can be raised at any time. *In re Hibbing Taconite Mine & Stockpile Progression*, 888 N.W.2d 336, 344 (Minn. App. 2016). However, we need not decide that issue because, although we generally will not address issues raised for the first time on appeal, that rule is not "ironclad."[2] *Oanes v. Allstate Ins. Co.*, 617 N.W.2d 401, 403 (Minn. 2000). Even assuming without deciding that Serafin forfeited his challenge to the ALJ's statutory authority by failing to raise it

---

[2] We strongly encourage parties to raise all issues before the original decisionmaker, including matters of statutory authority and jurisdiction, to preserve the issues and ensure appropriate review.

before the ALJ, we conclude that we can still decide the issue in "the interest of justice" because it is dispositive of the case, has been briefed by the parties, and is likely to arise again. Minn. R. Civ. App. P. 103.04; *see also Oanes*, 617 N.W.2d at 403 (deciding new issue on appeal when question was purely legal and there was "no possible advantage or disadvantage to either party by not having a prior lower court ruling.").

To determine whether the ALJ had the statutory authority under Minn. Stat. § 299A.465, subd. 1(b), to decide whether Serafin waived his claim to continued health-insurance coverage by entering the separation agreement, we must interpret the statute. "Whether an administrative agency has acted within its statutory authority is a question of law that [appellate courts] review de novo." *In re Surveillance & Integrity Rev.*, 996 N.W.2d 178, 184 (Minn. 2023) (quotation omitted); *see also In re Wazwaz*, 943 N.W.2d 212, 218 (Minn. App. 2020), *rev. denied* (Minn. June 30, 2020).

The goal of statutory interpretation is to ascertain the intent of the legislature, and we construe every law to give effect to all of its provisions. *Wazwaz*, 943 N.W.2d at 218. We first analyze whether a statute's language is ambiguous, or "subject to more than one reasonable interpretation," on its face. *Hagen v. Steven Scott Mgmt., Inc.*, 963 N.W.2d 164, 169 (Minn. 2021). We do so by construing "the statute's words and phrases according to their plain and ordinary meaning." *Id.* When statutory language is unambiguous, we apply its plain meaning. *Wazwaz,* 943 N.W.2d at 218.

An eligible member of the PERA police and fire plan who has a "duty disability" is entitled to receive certain benefits from PERA. Minn. Stat. § 353.656 (2022 & Supp. 2023). In addition, a member determined to be eligible for duty-disability benefits is

6

entitled to continued health-insurance coverage for themself, and potentially their dependents, from their employer. Minn. Stat. § 299A.465, subd. 1(c), (d). When PERA determines that an officer or firefighter is eligible for duty-disability benefits under Minn. Stat. § 299A.465, subd. 1(a), that determination is binding on the peace officer or firefighter, their employer, and the state, unless one of those parties petitions "for a review of the determination [within 60 days] by requesting that a contested case be initiated before the [OAH]." *Id.*, subd. 1(b)(2), (3). If no party petitions for review of the determination, subdivision 1(c) states that the employer "*shall* continue to provide health coverage for: (1) the officer or firefighter; and (2) the officer's or firefighter's dependents if the officer or firefighter was receiving dependent coverage at the time of the injury under the employer's group health plan." *Id.*, subd. 1(c) (emphasis added). The employer must continue to provide and contribute to the coverage specified under subdivision 1(c) "until the officer or firefighter reaches or, if deceased, would have reached the age of 65." *Id.*, subd. 1(d).

The parties agree that the ALJ's statutory authority under Minn. Stat. § 299A.465, subd. 1(b), is confined to reviewing PERA's "determination"; however, the parties dispute the term's scope. Serafin argues that the ALJ's statutory authority under subdivision 1(b) is limited to review of challenges to PERA's determination of eligibility for duty-disability benefits. The city maintains that "determination" applies more broadly to a member's eligibility for continued health-insurance coverage, or alternatively, that if the language is ambiguous, it must be construed in favor of the city. The city's argument fails.

7

Under the plain language of Minn. Stat. § 299A.465, subd. 1, the ALJ lacked the statutory authority to decide whether Serafin contractually waived his claim to continued health-insurance coverage. Subdivision 1(b) unambiguously provides that "[d]eterminations made in accordance with paragraph (a)" are binding on the parties unless contested within the required timeframe. Minn. Stat. § 299A.465. The "determinations" under subdivision 1(a) relate to an officer or firefighter's eligibility to receive duty-disability benefits or to otherwise meet the duty-disability criteria. *Id.* The city does not dispute PERA's determination that Serafin is eligible for duty-disability benefits.

Moreover, the city does not otherwise dispute PERA's underlying determination that the city is the proper employer to provide continued health-insurance coverage if Serafin is eligible. Although PERA's duty-disability determination also implicitly allows PERA to determine which employer is responsible for paying continued health-insurance coverage under Minn. Stat. § 299A.465, the scope of PERA's determination extends no further.[3]

Further, the statutory provisions governing continued health-insurance coverage are self-executing. Once PERA determines that a peace officer or firefighter is eligible for duty-disability benefits under subdivision 1(a) and determines the appropriate employer to pay those benefits, "[t]he officer's or firefighter's employer *shall* continue to provide health

---

[3] *See, e.g.*, *City of White Bear Lake v. Kriegshauser*, No. A23-0005, 2023 WL 5838798, at *3 (Minn. App. Sept. 11, 2023) (reviewing ALJ's decision affirming PERA's determination of the proper employer to pay continued health-insurance coverage under Minn. Stat. § 299A.465). This case is nonprecedential and we cite it only for its persuasive value. Minn. R. Civ. App. P. 136.01, subd. 1(c).

coverage" and "coverage *must* continue" for the specified timeframe. Minn. Stat. § 299A.465, subd. 1(c), (d) (emphasis added). In other words, PERA, and consequently an ALJ acting under Minn. Stat. § 299A.465, subd. 1(b), has no authority to determine whether a separation agreement may relieve an employer's obligation to provide continued health-insurance coverage.

Finally, we note that, even though the ALJ lacked statutory authority to decide this matter, the parties could seek relief in district court. *See Aldean v. City of Woodbury*, 2 N.W.3d 918, 925 (Minn. App. 2024) (affirming district court's grant of summary judgment to former employee of respondent-city and application of Minn. Stat. § 299A.465, subd. 1(c)); *Schmidt v. City of Columbia Heights*, 696 N.W.2d 413, 419 (Minn. App. 2005) (affirming district court's grant of summary judgment to dependents of deceased officer and holding that Minn. Stat. § 299A.465, subd. 1, requires employer to "continue to contribute to the health coverage of the officer's dependents" until officer would have turned 65).

## DECISION

Because the ALJ did not have the statutory authority under Minn. Stat. § 299A.465, subd. 1(b), to decide whether Serafin had contractually waived his claim to continued health-insurance coverage, we reverse the ALJ's decision.

**Reversed.**